UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BRUCE INGRAHAM; HOLLY INGRAHAM,

                          Plaintiffs,

    v.                                                                                  1:20-CV-1188

SUSAN CASEY; JOHN CASEY,                                    (BKS/CFH)

                          Defendants.

_____

**APPEARANCES:**

Bruce & Holly Ingraham
P.O. Box 861
Lake Pleasant, New York 12108
Plaintiffs pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I.   In Forma Pauperis

Plaintiffs pro se Bruce Ingraham and Holly Ingraham ("Plaintiffs") purported to commence this action against Susan Casey and John Casey ("Defendants") on September 18, 2020, by filing a complaint. Dkt. No. 1. In lieu of paying this Court's filing fee, plaintiffs each filed Motions to Proceed in Forma Pauperis ("IFP"). Dkt. Nos. 7, 9. After reviewing Plaintiffs' IFP applications, Dkt. Nos. 7, 9, the undersigned determines that Plaintiffs qualify to proceed IFP for purposes of filing.[1]

---

[1] Plaintiffs are advised that, despite being granted IFP status, they will still be required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

## II. Initial Review

### A. Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine whether a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevisions Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the

doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d)(1).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

A complaint that fails to comply with the pleading requirements "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."

Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citations omitted).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### B. Plaintiff's Complaint[2]

Under the "Facts" section of Plaintiffs' complaint, they provide a list of apparent claims: "unwarranted eviction," "animal cruelty," "deplation [sic] of chartcher [sic]," "civil prevition [sic]," "housing discrimination," and "pre estate tempering [sic]."  Dkt. No. 1 at 2-6.  Under the "Prayer for Relief" section of the form complaint, Plaintiffs seek damages for "unpaided [sic] medical [expenses] in 2 hundered [sic] and 40 million and or attorney [sic] fees."  Dkt. No. 1 at 7.

### C. Analysis

---

[2]  The Court notes that Plaintiffs have commenced several actions in this District, many of which have been dismissed.  See Ingraham v. Red Carpet Housing Corp., 1:17-CV-1076 (GLS/CFH) (dismissed Dec. 21, 2017); Ingraham v. Cumo et al., 1:20-CV-147 (TJM/CFH) (dismissed Aug. 31, 2020); Ingraham v. Mayfield State Troppers et al., 1:20-CV-1186 (GLS/TWD) (dismissed Jan. 25, 2021); Ingraham v. Palentine Motel, 1:20-CV-1187 (GLS/ML) (pending), 20-CV-1187 (pending), Ingraham v. St. Mary Hosp., et al., 1:20-CV-1189 (MAD/CFH) (pending).

4

First, Plaintiffs' complaint fails to comply with Rule 10.  FED. R. CIV. P. 10.  Their claims are listed in one long paragraph, and it is unclear which factual allegations are intended to support each of Plaintiffs' claims.  See Dkt. No. 1.  Even applying special solicitude, Plaintiffs' claims are not presented in a way that "promote[s] clarity."  FED. R. CIV. P. 10(b).  As such, the complaint fails to meet the form for pleadings set out in Rule 10.

Second, Plaintiffs' complaint fails to meet the guidelines of Rule 8 or the pleading requirements set out by the Supreme Court.  See 28 U.S.C. § 1915(e)(2)(B); Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556.  Plaintiffs may be seeking to plead claims for wrongful eviction and battery based on the allegations of an "unwarranted eviction" and the mention of medical bills.  Dkt. No. 1 at 2, 7.  However, Rule 8 requires that a plaintiff establish "the grounds for the court's jurisdiction," and Plaintiffs fail to establish that this Court has jurisdiction.  FED. R. CIV. P. 8(a)(1).  To establish this Court's jurisdiction, a plaintiff must show that the claims arise from a federal question, as set out in 28 U.S.C. § 1331, or that the requirements for diversity jurisdiction, as set out in 28 U.S.C. § 1332, are met.  See 28 U.S.C. §§ 1331, § 1332(a).

Plaintiffs' complaint is filed on a form complaint for civil rights violations under 42 U.S.C. § 1983.  42 U.S.C. § 1983 provides a cause of action when a person "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  Plaintiffs' complaint does not indicate that Defendants acted under the color of state law in causing the alleged harm, or that any of the harms Plaintiffs allegedly suffered involve

rights secured by the Constitution.  Dkt. No. 1 at 2-5.  It is well settled that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." 7 Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).  Thus, a plaintiff must allege facts showing that a defendant was a state actor or a private party acting under color of state law.  Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002); United States v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295-96 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.' ").  As there is no indication that Defendants are state actors or private parties acting under the color of state law nor any suggestion that Defendants deprived Plaintiffs of rights or privileges secured by the Constitution or federal law, Plaintiffs fail to demonstrate that their complaint arises under section 1983.  Plaintiffs' complaint also fails to set forth any claims suggesting that it arises under any other federal statute.  See Dkt. No. 1.  Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution [or] laws . . . of the United States."  28 U.S.C. § 1331.  As will be discussed further below, it appears Plaintiffs are seeking redress for eviction, battery, and defamation, claims which would arise under state law.  See Dkt. No. 1.  As Plaintiffs do not establish that any of their claims arise under any Constitutional provision or federal statute, they have not demonstrated federal question jurisdiction.

To establish diversity jurisdiction, a plaintiff must show that there is complete diversity among the parties and that the amount in question in the case exceeds $75,000.  28 U.S.C. § 1332(a).  Plaintiffs provide that both they and Defendants reside in New York.  Dkt. No. 1 at 1.  Thus, the action is not between "citizens of different [s]tates," and Plaintiffs cannot establish diversity jurisdiction. U.S.C. § 1332(a)(1).  As Plaintiffs have not established federal question or diversity jurisdiction, their complaint fails to demonstrate the grounds for jurisdiction.  See FED. R. CIV. P. 8(a)(1) (noting that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction[.]").

In addition, Plaintiffs complaint must fail because they do not set forth a short and plain statement showing that they are entitled to relief not set forth any factual content allowing the Court to "draw the reasonable inference that" Defendants are liable for the allegations presented.  FED. R. CIV. P. 8(a)(2); Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see Dkt. No. 1 at 2-6.  Plaintiffs support their apparent claim for unwarranted eviction with an allegation that they were served with orders to vacate from an unspecified individual.  Dkt. No. 1 at 2.  The complaint provides no context for this statement; no indication as to how the eviction violates any right protected by the Constitution, federal statute, or state law; nor any cognizable factual support for how, if at all, Defendants were involved in the eviction or any other alleged wrong.  Thus, the complaint does not allow the Court to reasonably infer that Defendants violated any federal statute or state law through their apparent service of an eviction notice.  Iqbal, 556 U.S. at 678; Dkt. No. 1 at 2-3.

Similarly, Plaintiffs appear to seek to set forth a state law claim for battery with their allegation that an unidentified individual kicked in their door and injured Ms. Ingraham.  Dkt. No. 1 at 2-3.  However, Plaintiffs again fail to plead that Defendants were even the ones who kicked in the door.  See Fed. R. Civ. P. 8(a)(2); Dkt. No. 1 at 2-3.  Finally, it is possible that Plaintiffs are seeking to set forth a claim for defamation insofar as they state "deplation [sic] of chartcher."  Dkt. No. 1 at 3.  However, Plaintiffs provide no context or decipherable facts for what would be this state law claim.  Id.  Plaintiffs also seek damages for claims such as "civil prevtion [sic]" and "pre estate tempering [sic]."  Dkt. No. 1 at 6.  These allegations are indecipherable.  See Iqbal, 556 U.S. at 678.   As such, these claims also fail to give the Court grounds to reasonably infer that Defendants are liable to Plaintiffs for these claims.  Iqbal, 556 U.S. at 678.

Even if, arguendo, Plaintiffs had set forth sufficient facts to support their apparent eviction, defamation, or battery claims, these are state law claims.  As Plaintiffs have not pleaded a viable federal claim establishing that this Court has federal question jurisdiction and cannot establish diversity jurisdiction, the Court need not exercise its supplemental jurisdiction to review the state law claims.  28 U.S.C. § § 1332(a); 1367(a).

Generally, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991).  However, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause[] of action is substantive" and cannot be cured because the plaintiff "is unable to allege any fact sufficient to support [his] claim."  Cuoco v.

Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).

In sum, Plaintiffs fail to establish either diversity or federal question jurisdiction. Even if Plaintiffs were able to present a clearer picture of the facts and claims through an amended pleading, because they plead only state law claims relating to an apparent eviction, battery, and defamation of character, because this Court does not have subject matter jurisdiction, an amended pleading will be futile.  Accordingly, the undersigned recommends that the complaint be dismissed with prejudice and without opportunity to amend.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that Plaintiffs' motions to proceed IFP (Dkt. Nos. 7, 9) be **GRANTED** for the purposes of this filing only; and it is

**RECOMMENDED**, that Plaintiffs' complaint (Dkt. No. 1) be **DISMISSED with prejudice**, and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on Plaintiffs in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiffs have **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette,

984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[3]

    Dated: May 12, 2021
           Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).